**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN LAZARUS, JEFFREY ABERMAN, STEPHEN MARGOLIS, SANDY BRODSKY and VICTORIA CHILDS, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. _____ |
| v. | |
| APPLE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs Benjamin Lazarus, Jeffrey Aberman, Stephen Margolis, Sandy Brodsky and Victoria Childs, (hereinafter, "Plaintiffs"), individually and on behalf of the Classes defined below, allege the following against Apple, Inc. ("Apple") based upon personal knowledge with respect to themselves and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## NATURE OF THE CASE

1.      Plaintiffs bring this class action case against Apple for its failure to disclose that Apple has been purposely slowing down the processor of its iPhone 5, iPhone 6 and certain iPhone 7 models through operating system software updates.  On December 20, 2017, Apple confirmed that the company has been slowing the performance of these iPhone devices.

2.      Apple disregarded the rights of Plaintiffs and members of the proposed class and sub-classes by its failure to have previously disclosed that it was intentionally slowing down performance of older devices to compensate for battery degradation in order to push people to

upgrade their iPhones faster and failed to provide iPhone owners with better ways to accomplish the same goal such as replacing the batteries of an older iPhone model.

3.     As a result of Defendant's wrongful actions, Plaintiffs and members of the proposed class and sub-classes have been injured.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. There are more than 100 putative class members. And, at least some members of the proposed Class have a different citizenship from Apple.

5.     This Court has personal jurisdiction over Apple because Plaintiff Benjamin Lazarus resides in this District.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Apple does substantial business in the State of New York and within this District and advertises in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

7.     Plaintiff Benjamin Lazarus ("Lazarus") is a resident of the State of New York.  Prior to purchasing an iPhone 7, Lazarus owned and operated an iPhone 6.  Over time, Lazarus noticed significant slowdowns of the speed in the operation of his iPhone 6 as well as other operational issues that negatively affected the performance of his iPhone 6 after certain iOS updates were issued to his phone. As a result of the diminished performance of his iPhone 6, Lazarus purchased the iPhone 7.  Presently, his iPhone 7 is experiencing the same slowdowns and operational issues that he experienced with his iPhone 6.

8.    Plaintiff Jeffrey Aberman ("Aberman") is a resident of the State of New Jersey. Aberman owns and operates an iPhone 6s.  Over time, Aberman has noticed significant slowdowns of the speed in the operation of his iPhone 6s as well as other operational issues that negatively affect the performance of his iPhone 6s.

9.    Plaintiff Stephen Margolis ("Margolis") is a resident of the State of Florida.  Prior to purchasing an iPhone 7, Margolis owned and operated an iPhone 6.  Over time, Margolis noticed significant slowdowns of the speed in the operation of his iPhone 6 as well as other operational issues that negatively affected the performance of his iPhone 6 after certain iOS updates were issued to his phone. As a result of the diminished performance of his iPhone 6, Margolis purchased the iPhone 7.  Presently, his iPhone 7 is experiencing the same slowdowns and operational issues that he experienced with his iPhone 6.

10.    Sandy Brodsky ("Brodsky") is a resident of the State of Florida.  Prior to purchasing an iPhone 7 Plus, Brodsky owned and operated an iPhone 6 Plus.  Over time, Brodsky noticed significant slowdowns of the speed in the operation of his iPhone 6 Plus as well as other operational issues that negatively affected the performance of her iPhone 6 Plus after certain iOS updates were issued to her phone. As a result of the diminished performance of her iPhone 6 Plus, Brodsky purchased the iPhone 7 Plus.

11.    Plaintiff Victoria Childs ("Childs") is a resident of the State of Florida.  Prior to purchasing an iPhone 8, Childs owned and operated an iPhone 7.  Over time, Childs noticed significant slowdowns of the speed in the operation of her iPhone 7 as well as other operational issues that negatively affected the performance of her iPhone 7 after certain iOS updates were issued to her phone. As a result of the diminished performance of her iPhone 7, Childs purchased the iPhone 8.

12.    Defendant Apple is a corporation that was created under the laws of the State of California and has its principal place of business in Cupertino, California.

**STATEMENT OF FACTS**

13.    In early 2017 Apple iPhone owners of the iPhone 5, 6, 6s, and 6s Plus and 7 devices complained to Apple that their phones were spontaneously shutting down, even though they had sufficient battery. This usually occurred when the user was using your phone for something that required a burst of power — like in the middle of a game, or when downloading an app.  In order to fix this bug, Apple introduced an update to its operating system software, iOS 10.2.1.  This update fixed the shutdown issue in some cases but also slowed those iPhones down significantly causing Plaintiffs and members of the proposed class and sub-classes to experience issues such as delays in typing in messages and the lag in the loading of emails to name just a few.

14.    In a Reddit post, in and around the second week in December, an iPhone user suggested that the iPhone battery might be to blame for the slowness problems.  He stated the following:

> My iPhone 6S has been very slow these past few weeks, and even after updating multiple times, it was still slow. Couldn't figure out why, but just thought that iOS 11 was still awful to me. Then I used my brother's iPhone 6 Plus and his was... faster than mine? This is when I knew something was wrong. So, I did some research, and decided to replace my battery. Wear level was somewhere around 20% on my old battery. I did a Geekbench score, and found I was getting 1466 Single and 2512 Multi. This did not change whether I had low power mode on or off. After changing my battery, I did another test to check if it was just a placebo. Nope. 2526 Single and 4456 Multi. From what I can tell, Apple slows down phones when their battery gets too low, so you can still have a full days charge. This also means your phone might be very slow for no discernible reason. Check your Geekbench scores and see what you get if your phone is still slow!

15.    Following this Reddit post, John Poole, founder of Primate Labs and Geekbench developer, analyzed data of approximately 100,000 phones with different iOS versions.  He looked at the versions before Apple fixed the bug and at versions after Apple fixed the bug and discovered

that the phone processors slowed down after the system update and that the problem was widespread and "likely to get worse as phones (and their batteries) continue to age."

16.    It took a viral Redditt post and an independent investigation by Poole for Apple to finally admit that Apple had intentionally slowed the performance of older iPhones stating the following on December 20, 2017:

> Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.

> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

17.    In other words, Apple slowed down the processors in order to avoid overloading the batteries.    While Apple's battery explanation may be legitimate, Apple was anything but forthcoming about the slower speeds until December 20, 2017 and failed to disclose that this diminished performance could be remedied by replacing the battery in older iPhone models.

18.    Apple purposefully concealed, fraudulently omitted and/or failed to disclose the fact that a battery replacement would improve the performance of older iPhones to require consumers to purchase newer iPhone models.

19.    Had Plaintiffs been informed by Apple that a simple battery replacement would have improved the performance of their iPhones, Plaintiffs would have chosen to replace their batteries which was clearly a more cost effective method rather than upgrading to a new iPhone that was extremely costly.

20.     In addition, Apple has failed now and in the past to give any explanation as to why their older iPhones become a lot more sluggish after a new iPhone model comes out.  Apple's admission's was evidence of Apple's practice to get iPhone users to upgrade to a new phone.

21.     In addition to Apple's failure to inform Plaintiffs and members of the proposed class and sub-classes that a simple battery replacement would improve their iPhone's performance, Plaintiffs and the other members of the proposed classes were never given the option to choose whether they preferred to have their iPhones slower than normal and never gave consent for Apple to slow down their iPhones.

22.     Apple's wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs and members of the proposed class and sub-classes' iPhones causing them to suffer economic harm as well as other harm for which they are entitled to compensation for, including replacement of old iPhone; loss of use; loss of value; purchase of new batteries; ascertainable losses in the form of deprivation of the value of their iPhone; and overpayment of their iPhones in that Plaintiffs and members of the proposed class and sub-classes did not get what they paid.

## CLASS ALLEGATIONS

23.     Plaintiffs seek relief on behalf of themselves and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiffs seek certification of a Nationwide class defined as follows:

> All persons residing in the United States who (1) own or have owned an iPhone model older than the iPhone 8 that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned iPhone models older than the iPhone 8 and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Nationwide Class").

24.    Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiffs assert claims under the laws of the individual States, and on behalf of separate statewide sub-classes, defined as follows:

> All persons residing in New York who (1) own or have owned an iPhone model older than the iPhone 8 that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned iPhone models older than the iPhone 8 and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Statewide Classes").

> All persons residing in New Jersey who (1) own or have owned an iPhone model older than the iPhone 8 that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned iPhone models older than the iPhone 8 and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Statewide Classes").

> All persons residing in Florida who (1) own or have owned an iPhone model older than the iPhone 8 that is or was experiencing performance problems as a result of Apple's iOS updates or (2) have owned iPhone models older than the iPhone 8 and have replaced them with a new device because they were experiencing performance problems as a result of Apple's iOS updates (the "Statewide Classes").

25.    Excluded from each of the above Classes are any of Apple's officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judges to whom this case is assigned and their immediate family.

26.    Plaintiffs hereby reserve the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

27.    Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

28.    **Numerosity. Fed. R. Civ. P. 23(a)(1).** Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs believe the proposed Class comprises millions of members. Class members may be

identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

29.    **Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3).**    Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

a.    Whether Apple failed to disclose that its iOS updates caused slowdowns in older iPhone model's performance;

b.    Whether Apple interfered or otherwise lowered the use or value of older iPhone models; and

c.    Whether Apple's iOS modifications were implemented in order to profit from Plaintiffs and other members of the proposed classes by inducing them to purchase new iPhones to replace their older iPhone models;

e.    Whether Apple is subject to liability for fraudulently concealing material facts from Plaintiffs and other members of the proposed classes;

f.    Whether Apple's conduct constituted deceptive trade practices under state law;

g.    Whether Apple was unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Apple to retain benefits conferred upon it by Plaintiffs and other members of the proposed classes;

h.    Whether Plaintiffs and the other members of the proposed classes were injured and suffered damages or other acceptable losses because of Apple's fraudulent behavior; and,

i.      Whether Plaintiffs and other members of the proposed classes are entitled to relief.

30.     **Typicality**. **Fed. R. Civ. P. 23(a)(3).**  Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of those of the other Class members.   Plaintiffs' damages and injuries are akin to the other Class members and Plaintiffs seek relief consistent with the relief of the Class.

31.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiffs are adequate representatives of the Class because Plaintiffs are members of the Class and are committed to pursuing this matter against Apple to obtain relief for the Class.  Plaintiffs have no conflict of interest with the Class. Plaintiffs' Counsel are competent and experienced in litigating class actions, including privacy litigation. Plaintiffs intend to vigorously prosecute this case and will fairly and adequately protect the Class' interests.

32.     **Superiority. Fed. R. Civ. P. 23(b)(3).**  Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiffs and the other members of the Classes are relatively small compared to the burden and expense required to individually litigate their claims against Apple, and thus, individual litigation to redress Apple's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

33.     **Injunctive and Declaratory Relief.** Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

34.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

35.     Finally, all members of the proposed Classes are readily ascertainable by records maintained by Apple.  Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

## <u>COUNT I</u>

## **FRAUDULENT CONCEALMENT**

## **(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR, ALTERNATIVELY, PLAINTIFFS AND THE STATE CLASSES)**

36.     Plaintiffs incorporate and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

37.   Prior to and at the time that Plaintiffs and  members of the proposed class and sub-classes decided to purchase an upgraded iPhone device, the Defendant knew and had full knowledge and information that its iOS updates would slow down the performance of their older model iPhone and that a simple batter replacement would improve the performance.

38.   At all relevant times herein the Defendant, who had a duty to disclose the above information, intentionally concealed and/or failed to disclose the aforementioned material facts to the Plaintiffs and members of the proposed class and sub-classes.

39.    Plaintiffs and members of the proposed class and sub-classes did in fact rely on the Defendant to disclose this information which the Plaintiffs and members of the proposed classes were unaware of at the time of the purchase of their upgraded iPhone device.

40.    Had Defendant disclosed that their old iPhones could have easily been fixed with a replacement battery, Plaintiffs and members of the proposed class and sub-classes would not have purchased new iPhones devices.

41.    As a direct and proximate cause of the Defendant's material omissions, Plaintiffs and members of the proposed class and sub-classes suffered ascertainable losses consisting of the purchase price of new iPhone devices.

## COUNT II

**BREACH OF IMPLIED CONTRACT**
**(ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS, OR,**
**ALTERNATIVELY, PLAINTIFFS AND THE STATE CLASSES)**

42.    Plaintiffs incorporate and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

43.    Plaintiffs' and members of the proposed class and sub-classes  entered into implied contracts with Apple, when they purchased their iPhones, to which Apple agreed to not purposefully interfere with Plaintiffs and members of the proposed class and sub-classes' usage or speed.

44.    Plaintiffs and members of the proposed class and sub-classes fully performed their obligations under the implied contracts with Apple.

45.    Defendant breached the implied contracts it had made with the Plaintiffs and members of the proposed class and sub-classes by purposefully slowing down older iPhone models when new models came out and by failing to properly disclose that at the time the parties entered into an agreement.

46.     The damages to Plaintiffs and members of the proposed class and sub-classes as described herein were the direct and proximate result of the Defendants' breaches of these implied contracts.

## COUNT III

**VIOLATIONS OF NEW YORK'S CONSUMER PROTECTION LAWS**
**(ON BEHALF OF PLAINTIFF LAZURAS AND THE NEW YORK SUB-CLASS)**

47.     Lazarus incorporates and re-alleges the allegations contained in paragraphs 1-35 as if fully set forth herein.

48.     Lazarus  and the other members of the New York Sub-Class have been injured and suffered damages by violations of section 349(a) of New York General Business Law (the "GBL"), which states: deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

49.     Defendant engaged in acts and practices in the State of New York that were deceptive or misleading in a material way, and that injured Lazarus and the other members of the New York Sub-Class.

50.     Such acts and practices were likely to mislead a reasonable consumer acting reasonably under the circumstances existing at the time.

51.     Defendant's deceptive acts include Defendant's failure to disclose that (a) it was purposefully slowing down the performance speed of older iPhone models and/or that (b) a battery replacement would improve the iPhone performance.

52.     Lazarus and the other members of the New York Sub-Class have been damaged by Defendant's violations of Section 349 of the GBL, for which they seek recovery of the actual damages they suffered because of Defendant's willful and wrongful violations of section 349, in an amount to be determined at trial.

53.     Plaintiff and the other members of the New York Sub-Class seek treble damages and an award of reasonable attorney's fees pursuant to Section 349(h) of the GBL.

## COUNT IV

**VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT,
N.J. STAT. ANN. § 56:8-1, *ET SEQ.***

**(ON BEHALF OF PLAINTIFF ABERMAN AND THE NEW JERSEY SUB-CLASS)**

54.     Plaintiff Aberman incorporates and re-alleges the allegations contained in paragraphs 1-35 as if fully set forth herein.

55.     As alleged in this Complaint, Apple, engaged in unconscionable commercial practices, deception, misrepresentation, and the knowing concealment, suppression, and omission of material facts with intent that others rely on such concealment, suppression, and omission, in connection with the sale or advertisement of any merchandise, in violation of N.J. Stat. Ann. § 56.8-2.  This includes, but is not limited to Defendant's failure to disclose that (a) it was purposefully slowing down the performance speed of older iPhone models and/or that (b) a battery replacement would improve the iPhone performance.

56.     As a direct and proximate result of Apple's violation of the New Jersey Consumer Fraud Act, Plaintiff and other members of the New Jersey Sub-Class each suffered an ascertainable loss of money as a result of Defendant's use of the unconscionable business practice and material omissions described herein.

57.     Plaintiff Aberman brings this action on behalf of himself and other members of the New Jersey Sub-Class for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions and to protect Plaintiff and other members of the New Jersey Sub-Class from Apple's unfair methods of competition and unfair, deceptive, fraudulent,

unconscionable and unlawful practices. Apple's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

58.     Plaintiff Aberman and other members of the New Jersey Sub-Class also seek actual damages, injunctive and/or other equitable relief and treble damages, and attorney's fees and costs pursuant to Federal Rule of Civil Procedure 23 and N.J. Stat. Ann. § 56:8-19.

## COUNT V

**VIOLATION OF FLORIDA'S UNFAIR TRADE PRACTICES ACT,
FLA. STAT. § 501.201, *ET SEQ*.**

**(ON BEHALF OF PLAINTIFFS MARGOLIS, BRODSKY AND CHILDS AND THE
FLORIDA SUB-CLASS)**

59.     Margolis, Brodsky and Childs (the "Florida Plaintiffs") incorporate and re-allege the allegations contained in paragraphs 1-35 as if fully set forth herein.

60.     At all relevant times, the Florida Plaintiffs and the other members of the Florida Sub-Class members were "consumers" within the meaning of FDUPTA.

61.     Apple engaged in trade and commerce in Florida.

62.     As alleged herein this Complaint, Apple engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, in violation of the FDUTPA by failing to disclose that (a) it was purposefully slowing down the performance speed of older iPhone models and/or that (b) a battery replacement would improve the iPhone performance.

63.     As a direct and proximate result of Apple's violation of the FDUTPA, the Florida Plaintiffs and the other members of the Florida Sub-Class suffered damages.

64.     The Florida Plaintiffs bring this action on behalf of themselves and the other members of the Florida Sub-Class for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions and to protect Plaintiffs and other members of the Florida Sub-

Class and the public from Apple's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Apple's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

65.     The Florida Plaintiffs and the other members of the Florida Sub-Class seek actual damages under Fla. Stat. § 501.211 (2) and all fees, costs, and expenses allowed by law, including attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 23 and Fla. Stat. §§ 501.2105 and 501.211, to be proven at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all members of the proposed classes in this Complaint, respectfully requests that the Court enter judgment in their favor and against Apple as follows:

a.     For an Order certifying the Classes, as defined herein, and appointing Plaintiffs and their Counsel to represent the Nationwide Class, or in the alternative the separate Statewide Classes;

b.     For an award of damages, as allowed by law in an amount to be determined;

c.     For an award of attorneys' fees costs and litigation expenses, as allowable by law;

d.     For prejudgment interest on all amounts awarded; and

e.     Such other and further relief as this court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: December 26, 2017

Respectfully Submitted,


*s/ Melissa R. Emert*
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel. (212) 687-7230
Fax (212) 490-2022
memert@ssbny.com

*Attorney for Plaintiffs*